JOLLY, et al. *v.* WATKINS, et ux.

No. 43256          January 18, 1965          171 So. 2d 155

*A. R. Wright, Jr.*, Carthage; *O. B. Triplett, Jr.*, Forest, for appellants.

*G. J. Thornton,* Kosciusko, for appellees.

Gillespie, J.

Appellants, hereinafter called Tenants, filed their original bill in chancery court against appellees, hereinafter called Landlords. The chancellor granted a portion of the relief prayed for but denied most of the prayer of the original bill and the complainants below appealed to this Court.

Landlords granted Winco Dairy Association an option to purchase certain personal property and lease a certain building, "except the west half thereof to be retained by Leon Watkins as a grocery store," for a period of five years with the option to renew said lease for another five year term. The option was exercised in due course and Landlords conveyed to Winco Dairy Association the personal property and the parties entered into a five year lease to "the east half of the brick building located on the property described as follows," then followed a description of the land. The lease provided that Tenants should have the right of ingress and egress over the east half of the lot but Landlords reserved the right to construct a building on the east part of said lot so long as parking space and entrance rights were provided for the tenant.

The lot in question is an irregular shaped lot abutting on Highway 16. The lease contained several provisions not mentioned in the option. The phrase reading "except the west half thereof to be retained by Leon Watkins as a grocery store" was not contained in the lease. The lease made no reference to the use to which Landlords would put the remainder of the building not leased

to Tenants. The Tenants are successors to Winco Dairy Association by assignment.

About the time the renewal date for the second five-year term of the lease arrived, bad feeling developed between Landlords and Tenants.

Tenants, appellants here, first argue that the provision in the option, "except the west half thereof to be retained by Leon Watkins as a grocery store," constituted a restriction on Landlords' use of the part of the building retained by him. The Landlords opened a Dairy Bar and sold dairy products and sandwiches in competition with Tenants, beginning shortly after the lease was renewed for a second five-year term, and Tenants contend they are entitled to damages for such unlawful competition and an injunction restraining Landlords from further operating a competing business.

We are of the opinion that since there was no provision whatever in the lease as to the uses the parties could make of their respective parts of the building and there was no proof of any collateral agreement restricting the use Landlords could make of the part of the building retained by them, Tenants are not entitled to the relief prayed for. Several provisions appear in the lease which did not appear in the option. If the parties had desired to put any restrictions on the use Landlords could make of the part of the building retained by them, it must be assumed that they would have included this in the lease. Moreover, the words, "except the west half thereof to be retained by Leon Watkins as a grocery store," are not sufficient to constitute a restriction on the use Landlords could make of the west half of the building. There were no words in the option indicating any intention to restrict the use which the west half could be put by Landlords. We are of the opinion that the quoted phrase was merely descriptive of the part being retained by Landlords.

Tenants' next contention is based upon the following facts. Shortly after the lease was renewed for an additional five-year term, Landlords constructed an eight-foot extension in front of the part of the building retained by them, and in front of that, extended a six-foot sidewalk covered by a canopy. This extension is said to be partly on the highway right of way. Tenants protested the building of this extension prior to construction. Tenants contend that this extension interfers with the view of their portion of the building by eastbound traffic traveling on Highway 16, diminishes the amount of parking space, is illegal because partly on the highway right of way, is unreasonable, unnatural, and gives rise to a suit for damages and a mandatory injunction requiring the removal of a part thereof. The chancellor enjoined Landlords from interfering with egress and ingress over the east half of the lot for the purpose of operating their business, but denied the item of damages claimed for the building of said addition and denied the mandatory injunction for the removal of a part of said addition. We are unable to say that the chancellor was in error in declining to require the removal of a part of said addition. It would be a most drastic remedy. Landlords had reserved the right to construct a building on the east half of said lot and we are unable to agree that merely because a part of the building was on the highway right of way the chancellor was required to issue an injunction for its removal. The chancellor was justified under the evidence in finding that the said addition did not constitute any substantial interference with the rights of the Tenants to operate their business in the premises leased by them.

Tenants also contend that the chancellor erred in not awarding $300 damages alleged to have been done by water to certain supplies belonging to Tenants. Nowhere in the record is there any statement or itemization giving a description of the items alleged to have

been damaged, the quantity, and the value thereof. The record is in confusion as to when this alleged damage occurred and who was legally responsible therefor. Tenants claim that they did not have to state what property was damaged because they had delivered an itemized statement to Landlords prior to trial. But this was denied by Landlords and we assume that the chancellor so found.

This is a lengthy record undoubtedly engendered in large part by the hostility between the parties. We have carefully reviewed the entire record and find no reversible error.

Affirmed.

*Lee, C. J., and Ethridge, Jones and Brady, JJ.,* concur.